STONE, J.
Newman, convicted of one count of first-degree murder with a firearm and two counts of attempted first-degree murder with a firearm, challenges the denial of his motion to suppress statements. He claims that Miranda[1] warnings that were properly given to him previously were “undercut” and “diluted” by a later “equivocal” exchange with the interrogating detective. Newman contends that his subsequent statements, which he terms queries, reflect that his earlier Miranda waiver was not understood, not knowingly given, and amounted to a request for counsel. We affirm.
The detective who took the statement was the sole witness at the suppression hearing. A videotape was played; however, the audio portion of the tape was of such poor quality that the court reporter noted the following in the transcript: “the audio is not good quality and the Defendant’s voice in [sic] almost indiscernible.” Despite this, the transcriber made an effort to transcribe the audio. As the detective was persuading Newman to disclose all, and after the warnings were given, the detective made, if accurately transcribed, the following comments:
Detective Martin: I mean Pm telling you I will stand up in court and say “this young man did the right thing. He told me the truth.”
We gotta answer to our mistakes. There’s no doubt. Do you agree with me?
Newman: All the way, man.
Detective Martin: All the way. Exactly.
Newman: I don’t have the money for an attorney. I can’t fight it in court. Can’t do nothing.
Detective Martin: I ... I guarantee you, if you don’t have the money for an attorney, one ... you will ... you’ll get an attorney. I mean there ... there’s no doubt about that. But you’re gonna *1292 get an attorney![2]] when ... when ... when you go to court. And you know, like I said, when you go to court, you know, you ... you gotta show ... you gotta show the court that hey, listen, you made a mistake.
The entire tape was played for the trial judge. Admission of the video into evidence at that time was discussed, but rejected, because it was the state’s only copy, with the stipulation that the original and a copy would be admitted at trial. The trial court found that Newman acknowledged his Miranda rights, that Newman’s was a knowing waiver, and that he was not invoking his right to counsel by his comments about not having money for an attorney.
Determination of the voluntariness of a confession and a knowing and intelligent waiver of Miranda rights requires an examination of the totality of the circumstances. Lukehart v. State, 776 So.2d 906, 917 (Fla.2000).
The issue on appeal is not an attack on the initial Miranda warnings. Instead, Newman claims that his waiver was later vitiated by his statement regarding the futility of a court battle and his inability to afford an attorney at trial, and, further, that this may have amounted to a request for counsel. Newman’s position is also that the detective was obligated to halt the questioning in order to ascertain whether Newman was invoking his right to counsel the moment that he mentioned the word attorney. The trial court did not err in rejecting Newman’s contentions.
In State v. Glatzmayer, 789 So.2d 297, 302 (Fla.2001), citing State v. Owen, 696 So.2d 715, 719 (Fla.1997), the court stated, “we hold that police in Florida need not ask clarifying questions if a defendant who has received proper Miranda warnings makes only an equivocal or ambiguous request to terminate an interrogation after having validly waived his or her Miranda rights.” Since the trial court, here, determined the initial waiver to be adequate, the question is whether Newman’s later statement was a clear and unequivocal request for counsel, requiring termination of the interview. The trial court properly concluded it was not, notwithstanding the possibility that the statement could be an equivocal indication of some misunderstanding regarding his right to counsel at trial if he was indigent.
Newman’s comments were not a request for counsel and were certainly not an unequivocal request. Taken in context, Newman was apparently responding to the detective’s comments on the need to do the right thing and that the detective would advise the judge that he had confessed to the truth. There is no indication that his response was intended as a request for counsel at that time.
As to other issues raised, we also find no reversible error or abuse of discretion.
STEVENSON, C.J. and POLEN, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Given the poor quality of the transcript, it is arguable that a period should have been inserted here, followed by a capital "W" When.